**IN RE: A–POWER ENERGY GENERATION SYSTEMS, LTD. SECURITIES LITIGATION.**

**MDL No. 2302.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 15, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, common defendant A–Power Energy Generation Systems, Ltd. (A–Power) moves to centralize this litigation in the District of Nevada. The motion encompasses four actions, two pending in the District of Nevada and two pending in the Central District of California. The Panel has been notified of one additional related action.[1]

Plaintiffs in the District of Nevada actions, which have been consolidated, support centralization in that district. Plaintiff in the Central District of California *Cheng* action, however, favors centralization in his district, as do lead plaintiff movants Jason Li and Richard Levinson. Plaintiff in the potential tag-along action (*Ries*), a shareholder derivative action pending in the District of Nevada, does not oppose centralization of the four constituent securities actions, but does oppose inclusion of his action in the centralized proceedings.

---

1. This action and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defendants issued materially false and misleading statements and/or omitted to state material facts relating to A–Power's finances and business prospects. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

The arguments of the *Ries* potential tag-along plaintiff in opposition to inclusion of his action in the centralized proceedings are premature. If we issue an order conditionally transferring *Ries* to the MDL, plaintiff can present his arguments via a motion to vacate that order. *See In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.,* 787 F.Supp.2d 1358, 1360 (J.P.M.L.2011).

We conclude that the Central District of California is an appropriate transferee district for pretrial proceedings in this litigation. Two of the four constituent actions are pending in that district, and travel between that district and China, where much of the discovery will likely be focused, is appreciably easier than travel between the District of Nevada and China. Judge George H. Wu, to whom we assign this MDL, has the experience to guide the litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2302 — **IN RE: A–POWER ENERGY GENERATION SYSTEMS, LTD. SECURITIES LITIGATION**

*Central District of California*

*Rick Cheng v. A-Power Energy Generation Systems Ltd., et al.,* C.A. No. 2:11-05509

*Ali Arar v. A-Power Energy Generation Systems Ltd., et al.,* C.A. No. 2:11-05649

*District of Nevada*

*Elliot Greenberg v. A-Power Energy Generation Systems, Ltd., et al.,* C.A. No. 3:11-00472

*Rajnish Gupta v. A-Power Energy Generation Systems, Ltd., et al.,* C.A. No. 3:11-00577